## HAZARD *v.* DURANT and others.

(*Circuit Court, D. Massachusetts.* September 17, 1885.)

1. TRUST—CREDIT MOBILIER COMPANY AND UNION PACIFIC RAILROAD COMPANY —RELEASES.
   The agreements and releases set up in the defendants' plea *held* a bar to this suit, and the bill dismissed.
2. EQUITY PLEADING—DUPLICITY.
   A plea may consist of a variety of facts and circumstances, and if such facts and circumstances give as their result one clear ground upon which the whole equity of the bill may be disposed of, the plea is not bad.

In Equity.

*Elias Merwin,* for complainant.

*Sidney Bartlett* and *R. D. Smith,* for defendants.

COLT, J. The material allegations contained in this bill sufficiently appear in the opinion of the court in *Hazard* v. *Durant,* 19 Fed. Rep. 471. The present hearing was had upon three pleas in bar filed by the defendants.

The first plea sets out two agreements dated November 15, 1878. By the first instrument it is claimed that the complainant agreed to assign his stock in the Credit Mobilier Company to the Union Pacific Railroad Company, and did assign to said company all claims to any assets or property in the hands of the defendant trustees, or arising out of the administration of the trust. By the second instrument it is claimed that the complainant released the trustees from all errors or misconduct arising out of the administration of the trust.

It appears that the Union Pacific Railroad had certain claims against the stockholders of the Credit Mobilier, and it agreed with the complainant and five of his co-beneficiaries to release all such claims in consideration of a transfer of stock held by them in the Credit Mobilier. The indenture then provided that as the complainant and one or more of his co-beneficiaries were parties plaintiff in two suits pending in the supreme court of Rhode Island,—one against Thomas C. Durant and the Credit Mobilier, and the other against said Durant and the Union Pacific Railroad Company,—that they should retain 10 shares in trust until the termination of the suits, and then convey the same to the Union Pacific Railroad Company; and it further provided that if any part of the sums recovered be collected and received by the Union Pacific Railroad, it should transfer and pay over to each of the parties who had transferred to it their share in the Credit Mobilier such proportion of the sum thus recovered as the number of the shares so transferred by them bears to the whole number of shares constituting the capital stock of said corporation. Then follows this provision:

"Said parties of the second part do hereby further assign, transfer, and convey to said party of the first part all their respective claims and rights

in and to the assets, or property of every description, now held by said trustees, arising out of or connected with the assignment to them of said contracts of said Ames and of said Davis, or out of the administration of said trust; but no right or claim against said trustees, or either of them, or their representatives, for any error, omission, or misconduct, if any, in the administration of said trust is hereby assigned; the parties of the second part having, by an instrument of even date herewith, released said trustees and their representatives from all, and all possible, claims on account of such error, omission, or misconduct."

By the second indenture, executed the same day and prior in point of time, the complainant and five of his co-beneficiaries released the defendant trustees from "all possible claims of every nature or description arising out of their, or each of their, errors, omissions, mistakes, or misconduct in the past administration of said trust."

The first question is as to the scope to be given to the two releases embraced in the first plea. Upon careful consideration we think they constitute a bar to this suit. We think it was the intention of the parties by these instruments to assign all their rights in the Credit Mobilier stock and dividends, and profits thereon, to the Union Pacific Railroad Company, and to release the defendant trustees from all claims by reason of any alleged misconduct in the administration of the trust. The only thing excepted was an interest in the Rhode Island suits. In respect to these, the Union Pacific Railroad Company was to account to the complainant for a certain proportion of any sums recovered which came into its hands; and the complainant and his co-beneficiaries were allowed to retain 10 shares of Credit Mobilier stock in trust, until the termination of the suits, and were then to convey the same to the Union Pacific Railroad Company. It is difficult to see how this conferred any right on the complainant, seven years after the execution of these instruments, to bring suit against the trustees seeking to hold them in respect to the very matters specifically covered and settled by these agreements.

Whatever rights to the receipt of profits from the trustees under the construction contract accrued to the complainant by the agreement of October 15, 1867, and the subsequent agreement of July 3, 1868, must be held to have passed to the Union Pacific Railroad Company under the second provision already cited of the first indenture set up in the plea.

It is urged that the assignment to the Union Pacific Railroad Company only covered property then in the hands of the trustees, and that the release to the trustees only related to past errors and misconduct. Taking the several provisions in these two indentures together, and their evident purpose, it is clear, we think, that the plaintiff intended to part, and did part, with all his rights, legal and equitable, to call these trustees to account; and it would seem strange if a court of equity, in the face of these agreements, should allow the complainant to maintain this suit.

The objection is made that the first plea is bad for duplicity. The

two instruments set up constitute together but a single defense. A plea may consist of a variety of facts and circumstances. All that is required is that those facts and circumstances should give, as their result, one clear ground upon which the whole equity of the bill may be disposed of. Daniell, Ch. Pr. 607; Story, Eq. Pl. § 654; *Whitbread* v. *Brockhurst*, 1 Brown, Ch. 415; *Didier* v. *Davison*, 2 Sandf. Ch. 61.

The first plea in bar is sustained, and the bill dismissed.